IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-186-D

| | |
|---|---|
| DAREN A. DARNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RYAN PATRICK ESKEW, and ) | |
| ELIZABETH LARKIN BUTLER, ) | |
| ) | |
| Defendants. ) | |

On July 19, 2008, in Wilmington, North Carolina, Ryan Patrick Eskew was driving Elizabeth Larkin Butler's car. Butler was a passenger in the car, and the car struck and injured Daren Darnell. Darnell alleges that when the incident happened, Eskew was driving while impaired and that Butler knew that fact. [D.E. 2], Att. 1 ("Compl.") ¶¶ 7, 26. Darnell was transported to a local hospital and treated for his injuries. Pl.'s Resp. Defs.' Mot. Dismiss & Mem. in Supp. [D.E. 14] 2.

On July 18, 2011, Darnell sued Eskew and Butler in the Superior Court of North Carolina, New Hanover County, seeking damages for injuries arising from the incident. Darnell is a Florida citizen. Eskew and Butler are citizens of Georgia. On September 2, 2011, Eskew and Butler removed the action based on diversity jurisdiction [D.E. 2].

On September 9, 2011, Eskew and Butler filed an answer and moved to dismiss the action for improper venue [D.E. 7, 8]. Alternatively, Eskew and Butler seek to transfer the case to the Southern District of Georgia where they reside [D.E. 8]. Darnell opposes the motion. Pl.'s Resp. Defs.' Mot. Dismiss & Mem. in Supp.

When jurisdiction is based on diversity, an action may be brought in "a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred...." 28 U.S.C. § 1391(a)(2). According to the complaint, the incident happened in this district. See Compl. ¶¶ 4–8. Moreover, Darnell claims that the Wilmington Police Department investigated the incident and cited Eskew for driving while impaired, and that Eskew pled guilty to that offense in New Hanover County. Pl.'s Resp. Defs.' Mot. Dismiss & Mem. in Supp. 2. Furthermore, Darnell received treatment for his injuries in this district. Id. Thus, a substantial part of the events giving rise to Darnell's claims occurred in this district and venue is proper under 28 U.S.C. § 1391(a)(2). Accordingly, the motion to dismiss is denied.

As for the motion to transfer venue to the Southern District of Georgia, the court recognizes its discretion to transfer venue under 28 U.S.C. § 1404(a). See, e.g., Boyd v. Koch Foods, No. 5:10-CV-349-D, 2011 WL 2413844, at *2–3 (E.D.N.C. June 10, 2011) (unpublished). Darnell has chosen to litigate in the Eastern District of North Carolina and the balance of other factors (such as convenience of parties and witnesses, and the interests of justice) do not warrant transferring this case to the Southern District of Georgia. See id. Thus, the motion to transfer is denied.

In sum, defendants' motion to dismiss and motion to transfer [D.E. 7, 8] are DENIED.

SO ORDERED. This _1_ day of December 2011.

JAMES C. DEVER III
Chief United States District Judge